# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**RAY ALLEN ARBOGAST,**

    **Plaintiff,**

v.                                       Civil Action No. 2:04CV97

**POCAHONTAS COUNTY SHERIFF DEPARTMENT,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY and FACTS

On December 30, 2004, the plaintiff, Ray Allen Arbogast, filed a *pro se* complaint against the Pocahontas County Sheriff Department. The plaintiff alleges that on July 15, 2003, he obtained a protective order against his wife for threatening him and trying to provoke a fight. On August 2, 2003, his wife came to his house and tried to provoke a fight, so he called 911. However, the sheriff's department did not respond to his call. Later in the day, his wife returned to his home, so the plaintiff again called 911. Again, the officer failed to respond to his call. Subsequently, on August 10, 2003, the plaintiff's wife and her boyfriend came to the plaintiff's house and "started a fight." The plaintiff stated that he "ended up hurting both of them and was arrested for malicious wounding." According to the plaintiff he has been in jail for 16 months, and "if the officer would have responded it wouldn't happen."

The plaintiff asserts that because of the officer's failure to respond to his 911 call, he has been "cost" his house, car, son and 2-10 years of his freedom. The plaintiff seeks $250,000 for lost

property and mental and physical stress. He also requests the termination of the officer who refused to respond to his 911 calls.

Having screened the plaintiff's complaint in accord with the local rules of this Court and the provisions of 28 U.S.C.§§ 1915(e) and 1915A[1], the undersigned concludes that the plaintiff is not entitled to the relief he requests and recommends that his complaint be **dismissed with prejudice** because the complaint is frivolous.

## II. ANALYSIS

42 U.S.C. §1983, in pertinent part, states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

While *pro se* complaints are to be liberally construed, Haines v. Kerner, 404 U.S. 519, 520

---

[1] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

(1972), and the mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, a district court may not rewrite a petition to include claims that were never presented. See Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). Nor can the Court construct the plaintiff's legal arguments for him, see Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, even under this less stringent standard, a complaint should be summarily dismissed if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The undersigned finds that under even the most liberal construction of the complaint, the complaint can not be construed as raising a §1983 cause of action. Instead, it appears to the undersigned that the plaintiff is raising a claim of negligence under state law which this Court has no jurisdiction to hear. Consequently, the complaint against the defendant should be dismissed as being frivolous.[2]

### III. **RECOMMENDATION**

In consideration of the foregoing, the undersigned recommends that the plaintiff's complaint be **dismissed with prejudice** under 28 U.S.C. §§1915 and 1915A for being frivolous.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the

---

[2] A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

3

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff.

Dated: January 24, 2005

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE